United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 17-14385-amc
Doreen Stoia                                                              Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2      User: Randi            Page 1 of 1              Date Rcvd: Jan 09, 2020
                          Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 11, 2020.
db             +Doreen Stoia,   3631 Nancy Ward Ct.,   Doylestown, PA 18902-9041

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 11, 2020                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 9, 2020 at the address(es) listed below:
              JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,
               ecfemails@ph13trustee.com
              JEROME B. BLANK    on behalf of Creditor    The Bank Of New York Mellon et al paeb@fedphe.com
              JOSEPH ANGEO DESSOYE    on behalf of Creditor    The Bank Of New York Mellon et al paeb@fedphe.com
              KEVIN G. MCDONALD    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    Ditech Financial LLC tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              THOMAS YOUNG.HAE SONG    on behalf of Creditor    BANK OF AMERICA, N.A. paeb@fedphe.com
              THOMAS YOUNG.HAE SONG    on behalf of Creditor    The Bank Of New York Mellon et al paeb@fedphe.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
              ZACHARY PERLICK    on behalf of Debtor Doreen  Stoia Perlick@verizon.net,  pireland1@verizon.net
                                                                                             TOTAL: 12

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Doreen Stoia<br>    Debtor | CHAPTER 13 |
| Shellpoint Mortgage*<br>    Movant<br>vs.<br>Doreen Stoia<br>    Debtor<br>William C. Miller Esq.<br>    Trustee | NO. 17-14385 AMC<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,910.86,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2019 to November 2019 at $728.16/month<br>December 2019 at $722.29/month |
| Suspense Balance: | $267.75 |
| **Total Post-Petition Arrears** | **$1,910.86** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on January 1, 2020 and continuing through June 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$722.29** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$318.48 from January 2020 to May 2020 and $318.46 for June 2020** towards the arrearages on or before the last day of each month at the address below;

Shellpoint Mortgage Servicing<br>P.O. Box 10826<br>Greenville, SC 29603-0826

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 4, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/3/20

Zachary Perlick, Esquire
Attorney for Debtor

Date: 1-7-2020

JH(/C William C. Miller, Esquire
Chapter 13 Trustee
no objection

Approved by the Court this  9th   day of January, 2020              XXXXX However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan

*This loan was service transferred from Ditech Financial LLC to Shellpoint Mortgage effective December 1, 2019.